UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENZON INVESTMENT GROUP, CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> BIN HUANG, et al., <br><br> Defendants. | Case No. 21-cv-01635-PJH <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 13 |

Before the court is defendants' motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for July 22, 2021, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

I.   **Background**

Plaintiff Genzon Investment Group Co., Ltd., is a corporate entity created and based in Peoples' Republic of China. Shuyang Genzon Novel Materials Co., Ltd., ("Shuyang Genzon") is a Chinese corporate entity created by plaintiff for purposes of the agreements at issue, and it is not a party to this lawsuit.

Defendant Bin Huang is a natural person residing in Fremont, CA. Huang and his wife, Xin Xing Wang, together own defendant Molecon, Inc., a corporation registered in California and headquartered in Fremont. Molecon Suzhou Novel Materials Co., Ltd., ("Molecon Suzhou") is a Chinese corporation owned by Huang that is involved with the

agreements at issue, but it is not a party to this lawsuit.

Plaintiff aimed to utilize Huang's purported expertise to produce biodegradable greenhouse film, but the material produced did not meet desired standards. The material fell apart, tore open, or collected excessive condensation. Plaintiff reports facing many lawsuits because of these defective products.

Collaboration Agreement

On October 25, 2017, plaintiff, defendant Huang, defendant Molecon, Inc., and Molecon Suzhou collectively signed a Collaboration Agreement. Exhibit 1 (Dkt. 1-1). In the Collaboration Agreement, Huang guaranteed that Shuyang Genzon would produce at least one specified biodegradable product within three years of signing. If Shuyang Genzon was unable to accomplish this within the time period, Huang was responsible for providing a solution or alternative solution, and he would have to refund all the funds received. Plaintiff signed multiple equity transfer agreements with the defendants following the signing of Collaboration Agreement.

Relying on the Collaboration Agreement, plaintiff set up a new polyester production line of 5,000 tons, reconstructed a film drawing production line, and purchased 31 sets of production equipment. To fulfill its obligations under the Collaboration Agreement, plaintiff invested more than 170 million yuan (currently about US$ 26.25 million) in the research and development of degradable material technology and products.

December 2017 Equity Transfer Agreement

In December 2017, the parties agreed that Shuyang Genzon would purchase 100 percent equity of Molecon Suzhou from Molecon, Inc. Exhibit 2 (Dkt. 1-2). The purchase price for this equity was $3.5 million. Plaintiff fulfilled its end of the bargain, with proofs of payment attached to the complaint as exhibits 4 and 5.

2018 Equity Transfer Agreement

At some point in 2018 (the translated contract does not show a signature date more specific than 2018), the parties agreed to an additional equity transfer. Exhibit 6

1  (Dkt. 1-6).  This time, defendant HUWAA, LLC, purchased 20 percent of Molecon Suzhou
2  from plaintiff for the sum of $100,000.  Plaintiff transferred the 20 percent interest to
3  HUWAA, LLC, but never received the $100,000.
4  August 2018 Equity Transfer Agreement
5        On August 31, 2018, the parties entered into an agreement whereby plaintiff would
6  secure full control of defendant Molecon, Inc.  Exhibit 7 (Dkt. 1-7).  Neither party
7  performed under this agreement because Huang did not produce the promised materials.

**II.  Discussion**

Plaintiff's complaint, filed in this court on March 8, lists several breach of contract-related claims based on defendants' alleged failure to perform under the various agreements.  Defendants ask the court to dismiss the entire action on forum non conveniens grounds.

**A.  Legal Standard**

In general, "[a] district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties."  Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504 (1947)).  Once a district court determines that the appropriate forum is located in a foreign country, the court may dismiss the case.  Cheng v. Boeing Co., 708 F.2d 1406, 1409 (9th Cir. 1983).

Before dismissing an action based on forum non conveniens, district courts analyze whether an adequate alternative forum exists, and whether the balance of private and public interest factors favors dismissal.  Lueck, 236 F.3d at 1142; see also Gutierrez v. Advanced Medical Optics, Inc., 640 F.3d 1025, 1029 (9th Cir. 2011).

**B.  Analysis**

    **1.  Adequate Alternate Forum**

"The Supreme Court has held that an alternative forum ordinarily exists when the defendant is amenable to service of process in the foreign forum."  Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143 (9th Cir. 2001) (citing Piper Aircraft Co. v. Reyno, 454 U.S.

235, 254 n.22 (1981)).  "The foreign forum must provide the plaintiff with some remedy for his wrong in order for the alternative forum to be adequate."  Lueck, 236 F.3d at 1143.

Here, defendant Huang lays plain in his declaration that he is willing to "waive any applicable statute of limitations; submit to the jurisdiction of a Chinese court; and pay any final, post-appeal judgment awarded by the Chinese court."  Huang Decl. (Dkt. 13-1) ¶ 5.  Plaintiff offers no showing that it would be unable to obtain some remedy in Chinese courts.  Plaintiff candidly admits that the impetus for filing in this district is the ease of potential enforcement of a judgment; however, this does not equate to plaintiff facing the prospect of no remedy in the alternative forum, China.  Therefore, the court concludes that there exists an adequate alternative forum for this dispute, one which the parties designated within the terms of their four agreements.

### 2.     Private Interest Factors – Forum Selection Clause

The forum non conveniens doctrine provides an "appropriate enforcement mechanism[ ]" for forum-selection clauses.  T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc., 83 F. Supp. 3d 855, 868 (N.D. Cal. 2015) (citations omitted); see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 61 (2013).  A forum-selection clause "represents the parties' agreement as to the most proper forum," and "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases."  Id. at 63 (internal quotation marks and citations omitted) (alterations omitted).  "Courts must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs no remedies whatsoever[;] [i]t is the *availability* of a remedy that matters, not predictions of the likelihood of a win on the merits."  Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1091-92 (9th Cir. 2018) (internal quotations and citations omitted) (original emphasis).  Where a forum-selection clause governs the parties' dispute, the parties' private interests "weigh entirely in favor of the preselected forum[,]" Atlantic Marine, 571 U.S. at 64, and the court considers only various "public-interest considerations," id.

Here, the parties do not dispute that forum selection clauses exist in each of the

agreements, and the parties do not dispute that the clauses select forums in China for resolution of disputes.  By the terms of plaintiff's own translation of the agreements, the forums selected by the parties are in China.  Dkt. 1-1 at pp. 7, 13-14 (designating forum of Shenzhen City, China); Dkt. 1-2 at pp. 5, 7 (designating forum of Shuyang, China); Dkt. 1-7 at pp. 6, 10 (designating forum of Shenzhen City, China).

One of the translated agreements designates California as the choice of forum.  Dkt. 1-6 at pp. 5, 7-8.  Article VIII of the 2018 Agreement states that the parties, if unsuccessful in mediation, may submit a dispute to the court where "Party B" is located, and Party B in that agreement is defendant HUWAA, LLC, located in Fremont, CA.  Id. at pp. 5, 7-8.  Defendants' translator says this is an error, that the agreement actually designates that the dispute should be submitted to the court where "Party A" is located, which would be the court where Genzon Investment Group is located, Shenzhen, China.  Dkt. 13 at 13.  Plaintiff does not protest this correction in its opposition brief, nor does it otherwise attempt to assert that any of the agreements select California as the forum for disputes.  The court finds defendants' certification of translation correction sufficient.  All the agreements' forum-selection clauses designate courts in China for resolution of disputes.

Plaintiff nowhere states that it would be barred from remedy in China.  The forum selection clauses therefore control.  And because the forum-selection clauses govern, the court need not consider any other private interest factors.  See Atlantic Marine, 571 U.S. at 64.

### 3. Public Interest Factors

The "public-interest factors" include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum."  Bos. Telecommunications Grp., Inc. v. Wood, 588 F.3d 1201, 1211 (9th Cir. 2009) (internal quotation marks and citations omitted).  The party challenging a forum-selection clause "bear[s] the burden of showing that public-interest factors

1 overwhelmingly disfavor a transfer." Atlantic Marine, 571 U.S. at 67.

2  Here, plaintiff has not carried the burden to show the public-interest factors disfavor transfer.  First, California can hardly be said to have an interest in this Chinese-based dispute, and plaintiff's interest in recovering California-based assets of defendant does little to pique this public's interest.  This factor weighs in favor of dismissal.  Second, this court has little familiarity with Chinese contract law, regardless of plaintiff's suggestion of its similarity to the law in this forum.  This lack of familiarity, on top of the necessary translation between two substantially different legal traditions (common law versus civil law) and the necessary translation between languages, weighs in favor of dismissal.  Third, though plaintiff anticipates that this court will bear some burden for resolving judgment of the case even if it is litigated in China, the potential confirmation of a foreign judgment award is a far less onerous burden than the litigation of an entire case using foreign law.  This factor weighs in favor of dismissal.  Fourth, neither party discusses the congestion of this court.  Fifth and lastly, though the parties dispute the potential costs of litigating in this forum versus China, neither provides a solid picture of the necessary costs.  It seems that only defendant Huang would need to travel to China for litigation, while some untold number of witnesses and officers would need to travel here for litigation.  Further, the cost of translating documents from Chinese into English would be much higher if the case were tried in this forum.  The cost factor weighs in favor of dismissal.   Therefore, nearly all the public interest factors weigh in favor of dismissal.

**III.   Conclusion**

An adequate alternative forum exists for this dispute, where defendant Huang certified his willingness to submit to the jurisdiction of courts in China.  The four agreements at issue all include forum selection clauses selecting Chinese forums.  Nearly all the public interest factors weigh in favor of dismissal.  For all these reasons, defendants' motion to dismiss for forum non conveniens is GRANTED.

//

//

1     **IT IS SO ORDERED.**

2   Dated: July 20, 2021

3                                                     */s/ Phyllis J. Hamilton*

4                                                     PHYLLIS J. HAMILTON
United States District Judge